IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BURELLA, ) | |
| *Individually and as Parent and Natural Guardian* ) | |
| *of Beth Ann Burella, Danielle Burella and* ) | |
| *Nicholas Burella,* ) | |
| ) | CIVIL ACTION |
| **Plaintiff**, ) | No. 00-cv-0884 |
| ) | |
| v. ) | |
| ) | |
| CITY OF PHILADELPHIA, et al. ) | |
| ) | |
| **Defendants**. ) | |

## ORDER

**AND NOW**, this 30th day of September 2009, upon consideration of the Third Circuit's decision in this matter,[1] the Motion for Summary Judgment by Defendants City of Philadelphia, Robert Reamer, Charles Bloom and Francis Gramlich [Document No. 114], the Response [Document No. 116], the Reply [Document No. 117] and the Sur-reply [Document No. 121], and in accordance with the attached Memorandum Opinion, it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1.   Defendants Reamer, Bloom and Gramlich's Motion is **GRANTED** as to Plaintiff's claims under § 1983 both on her behalf and on behalf of Beth Ann, Danielle and Nicholas Burella.  Accordingly, Counts I and IV are **DISMISSED**;

2.   Defendant City of Philadelphia's Motion is **GRANTED** as to Plaintiff's claims under § 1983 both on her behalf and on behalf of Beth Ann, Danielle and Nicholas Burella. Accordingly, Counts II and III are **DISMISSED**;

---

[1] <u>Burella v. City of Philadelphia</u>, 501 F.3d 134 (3d Cir. 2007).

3.	Defendants Reamer, Bloom and Gramlich's Motion is **GRANTED** as to Plaintiff's claims under the Pennsylvania Constitution both on her behalf and on behalf of Beth Ann, Danielle and Nicholas Burella.  Accordingly, Count V is **DISMISSED**;

4.	Defendants Reamer, Bloom and Gramlich's Motion is **GRANTED** as to Plaintiff's claims under Pennsylvania state tort law both on her behalf and on behalf of Beth Ann, Danielle and Nicholas Burella.  Accordingly, Count VI is **DISMISSED**;

5.	Defendants Reamer, Bloom and Gramlich's Motion is **GRANTED** as to Plaintiff's claims under Pennsylvania law for negligence, negligent infliction of emotional distress and intentional infliction of emotional distress on behalf of Beth Ann, Danielle and Nicholas Burella. Accordingly, those claims are **DISMISSED**; and

6.	Defendants Reamer, Bloom and Gramlich's Motion is **DENIED** as to Plaintiff's claim under Pennsylvania law for intentional infliction of emotional distress on her own behalf.

Plaintiff shall **SHOW CAUSE** within fourteen (14) days as to why Defendants John Does I through IV should not be dismissed.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ CYNTHIA M. RUFE**
_____
**CYNTHIA M. RUFE, J.**